**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NICHOLAS SPIRDIONE,

      Plaintiff,               Civil Action No. 2:22-CV-11018

v.                          HONORABLE NANCY G. EDMUNDS
                               UNITED STATES DISTRICT JUDGE

HEIDI E. WASHINGTON, et. al.,

      Defendants,

_____/

**OPINION AND ORDER PARTIALLY DISMISSING THE CIVIL RIGHTS
COMPLAINT, DIRECTING THAT THE REMAINDER OF THE CASE BE REFERRED
TO THE PRISONER MEDIATION PROGRAM, AND DENYING THE PENDING
MOTIONS (ECF No. 3, 4, 5).**

## I.  Introduction

Before the Court is Plaintiff Nicholas Spirdione's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Plaintiff is a state prisoner incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan.  The Court has reviewed the complaint and now **DISMISSES IT IN PART.**  The remainder of the case is referred to the prisoner mediation program.  Petitioner's pending motions are DENIED.

## II. Standard of Review

Plaintiff was allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997).  However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid,
> the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To prove a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998)(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

## III. Complaint

Plaintiff has raised a number of claims in his complaint. The Court will summarize the nature of these claims for the purposes of judicial clarity and brevity:

(1) Plaintiff alleges that several of the defendants have ignored plaintiff's complaints that he is suffering from symptoms that could be consistent with colorectal cancer, such as rectal

bleeding, the loss of significant amounts of blood, weight loss, constipation, stomach pains, diarrhea, and abdominal bloating or gas. (2) Plaintiff claims that several defendants have interfered with his legal mail, in an attempt to prevent him from paying outstanding court costs. Plaintiff claims that his failure to pay these court costs could delay his parole. (3) Plaintiff alleges that he has been denied a special gluten free diet which he needs because he suffers from celiac disease. (4) Plaintiff alleges that a false misconduct ticket was issued against him and that he was denied due process at the subsequent hearing conducted in which he was found guilty. Plaintiff also alleges that he has been wrongly convicted of several other misconducts. (5) Plaintiff claims several defendants have wrongly denied several grievances he filed with the Michigan Department of Corrections' (M.D.O.C.) internal grievance system. Plaintiff also claims he has in some instances been denied the ability to file a grievance. (6) Plaintiff claims he was injured when he was assaulted by another inmate but that several defendants refused to provide him medical care for the back pain which resulted from this assault. (7) Plaintiff alleges that several defendants retaliated against him for filing complaints about the above incidents by confiscating his prison issued tablet device, which he claims has evidence which would support his claims. (8) Plaintiff alleges that various defendants have tampered with his medications which he needs for his abdominal issues. Plaintiff claims he has also been denied medications. (9) Plaintiff alleges that he is receiving inadequate nourishment from the food that he is being served. (10) Plaintiff alleges that his copy of the Black's Law Dictionary was wrongly confiscated. (11) Plaintiff claims that he contracted COVID-19 after being placed in close proximity with another prisoner who had COVID-19, in violation of the M.D.O.C.'s own policies to prevent the spread of the illness, and (12) Defendant Onwanibe engaged in unconsented to physical contact with plaintiff.

Plaintiff seeks monetary, declaratory, and injunctive relief.

3

## IV.  Discussion

**A.  The suit must be dismissed against Defendants Washington, Nagy, Kisor, and Bailey.**

The complaint must be dismissed against Defendant Washington, the Director of the Michigan Department of Corrections, Defendant Nagy, the warden at the Cooper Street Facility, and Assistant Deputy Wardens Kisor and Bailey, because plaintiff failed to allege any personal involvement on the part of these defendants with the alleged unconstitutional deprivation.

A supervisory official cannot be held liable under § 1983 for the misconduct of officials that the person supervises unless the plaintiffs can demonstrate that "the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it." *Combs v. Wilkinson,* 315 F. 3d 548, 558 (6th Cir. 2002)(*quoting Bellamy v. Bradley,* 729 F. 2d 416, 421 (6th Cir. 1984)).  A plaintiff must show, at a minimum, that the supervisory official "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.*  "Supervisory liability under § 1983 cannot be based on a mere failure to act but must be based upon active unconstitutional behavior." *Combs,* 315 F. 3d at 558 (*citing to Bass v. Robinson,* 167 F. 3d 1041, 1048 (6th Cir. 1999)).

The complaint must be dismissed against Defendant Washington, because the complaint does not allege that Washington had any direct involvement in the alleged violations of the plaintiff's constitutional rights. *See Sarr v. Martin,* 53 F. App'x. 760, 761 (6th Cir. 2002).  Any notice that Washington might have received through the prison's grievance system would be insufficient to make her personally liable for the alleged unconstitutional acts here. *Id.*  Moreover, Washington's failure to take action upon plaintiff's complaint would be insufficient to render her liable for these unconstitutional actions under § 1983. *Combs,* 315 F. 3d at 558.

4

Warden Nagy and the assistant deputy wardens are likewise not liable under § 1983 in their supervisory capacities for the alleged violation of plaintiff's rights, because plaintiff failed to alleged that the warden or assistant deputy wardens committed any of these acts or acquiesced in the other parties' conduct. *See Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). In addition, the failure of Warden Nagy or the assistant wardens to take any remedial or disciplinary action against prison personnel for the alleged violation of petitioner's constitutional rights did not ratify prison personnel's alleged violations of plaintiff's constitutional rights, so as to permit the warden of assistant deputy wardens to be held liable under the civil rights statute. *See Walker v. Norris*, 917 F.2d 1449, 1457 (6th Cir. 1990).  These defendants are dismissed from the complaint.

### B.  The wrongful grievance claim is dismissed.

Plaintiff is not entitled to relief on his claim that Defendants Russell, Cobb, McCumber-Hemry wrongly denied his administrative grievances, as well as his claim that Defendant Blunt eliminated video footage from the prison that could have corroborated some of plaintiff's grievances.

The Sixth Circuit has repeatedly held that the wrongful denial of a prison grievance by a prison official does not violate any federal constitutional right, in the absence of any allegation that the official was involved in the underlying activity that was challenged in the grievance. *See Grinter v. Knight,* 532 F. 3d at 576 (the denial of administrative grievances or the failure to act by prison officials does not subject supervisors to liability under § 1983); *Shehee v. Luttrell,* 199 F. 3d 295, 300 (6th Cir. 1999)(prison officials who were not involved in inmate's termination from his commissary job, and whose only roles involved the denial of administrative grievances or the failure to act, were not liable under § 1983 on a theory that their failure to act constituted an acquiescence in the unconstitutional conduct); *See also Walker v. Michigan Dept. of Corrections,*

128 F. App'x. 441, 445 (6th Cir. 2005)(state prisoner did not have constitutionally protected due process right to unfettered access to prison grievance procedures, and, consequently, prisoner was not entitled to relief on his claim under § 1983 that he was arbitrarily denied access to prison's grievance procedures due to modified access procedure); *Lee v. Michigan Parole Bd.*, 104 F. App'x. 490, 493 (6th Cir. 2004)(absent allegation that chairman of the Michigan Parole Board, director of the Michigan Department of Corrections, or director of the Michigan Bureau of Forensic Mental Health Services were personally involved in or responsible for the alleged violation of state prisoner's constitutional rights, prisoner could not maintain action under § 1983 simply because official denied an administrative grievance or failed to act based upon information contained in a grievance); *Keenan v. Marker,* 23 F. App'x. 405, 407 (6th Cir. 2001)(the wrongful denial of a prison grievance does not violate any federal right, "as there is no inherent constitutional right to an effective prison grievance procedure.");  *Bittner v. Wilkinson,* 19 F. App'x. 310, 313 (6th Cir. 2001)(state inmate did not state viable § 1983 claim when he alleged that prison officials denied or disregarded his grievances over alleged incidents in which inmate was assaulted or subjected to retaliation by prison officers).  In addition, Michigan law does not create a liberty interest in a prison grievance procedure. *Keenan,* 23 F. App'x. at 407(*citing Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)); *See also Proctor v. Applegate,* 661 F. Supp. 2d 743, 767 (E.D. Mich. 2009)(internal citations omitted).  This claim and Defendants Russell, Cobb, McCumber-Hemry. and Blunt are dismissed from the complaint.

### C.  Defendants Russell, Prough, and Austin are immune from suit.

The complaint must also be dismissed against Defendants Prough and Austin because they are immune from being sued for their actions in conducting prison misconduct hearings.  Prison hearings officers in Michigan are entitled to absolute judicial immunity from liability in a 42

U.S.C. § 1983 suit challenging their actions in conducting an administrative hearing. *See Goldsmith v. Sharrett,* 614 F. App'x. 824, 827 (6th Cir. 2015); *See also Shelly v. Johnson*, 849 F. 2d 228, 230 (6th Cir. 1988). Plaintiff's suit against the hearings officers must be dismissed on the basis of absolute judicial immunity. Defendant Russell, as the M.D.O.C. Hearing Administrator, would also be immune from being sued for any actions undertaken in reviewing or refusing to reconsider or overturn the prison hearing officers' decisions. *See Williams v. Bournay*, 178 F. 3d 1298 (Table), 1999 WL 196532, * at 2 (6th Cir. Mar. 22, 1999).

### D.  The motion to accommodate is denied as premature.

Plaintiff filed a motion for this Court to accommodate any potential health problems that plaintiff might suffer from in the future so as to assure plaintiff's access to the court. The motion is denied as premature because plaintiff failed to show that he would be suffering from these health problems on the date of any potential hearing. Plaintiff is free to renew this motion if he can establish that he will be physically incapacitated on the date of a scheduled hearing.

### E.  The motion to restrain is denied.

Plaintiff filed a motion to restrain the defendants from being represented by the Michigan Attorney General. The motion is denied because plaintiff lacks standing to challenge the Michigan Attorney General's ability to represent M.D.O.C. employees being sued by prisoners. *See Clardy v. Mullens*, No. 12-CV-11153, 2012 WL 5188012, at * 10 (E.D. Mich. Aug. 29, 2012), *report and recommendation adopted*, No. 12-CV-11153, 2012 WL 5187852 (E.D. Mich. Oct. 19, 2012), *aff'd* No. 12-2452 (6th Cir. Apr. 3, 2014). The motion is denied.

**F. The motion for the appointment of counsel is denied.**

The Court denies plaintiff's motion for the appointment of counsel. Although there is a fundamental constitutional right to counsel in criminal cases, there is no constitutional right to appointed counsel in a civil case. *Abdur-Rahman v. Michigan Dep't of Corrections,* 65 F. 3d 489, 492 (6th Cir. 1995). Plaintiff also does not have a statutory right to the appointment of counsel in a federal civil rights case. *See Glover v. Johnson*, 75 F. 3d 264, 268 (6th Cir. 1996).

**G. The case will continue against the remaining defendants.**

**V. ORDER**

**IT IS ORDERED THAT:**

The civil rights complaint is **DISMISSED IN PART WITH PREJUDICE WITH RESPECT TO DEFENDANTS WASHINGTON, NAGY, KISOR, BAILEY, RUSSELL, COBB, MCCUMBER-HEMRY, BLUNT, PROUGH, AND AUSTIN FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. THE REMAINDER OF THE CASE SHALL BE REFERRED TO THE PRISONER MEDIATION PROGRAM.**

Plaintiff's pending motions (ECF Nos. 3, 4, and 5) are DENIED.

**s/ Nancy G. Edmunds**
**HON. NANCY G. EDMUNDS**
**UNITED STATES DISTRICT JUDGE**

**Dated: May 17, 2022**