## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

NICHOLAS SPIRDIONE,

      *Plaintiff,*

    *v.*

HEIDI E. WAHINGTON, et al.,

      *Defendants*.

_____/

CASE NO. 2:22-cv-11018
District Judge Nancy G. Edmunds
Magistrate Judge Patricia T. Morris

## **ORDER**

Plaintiff Nicholas Spirdione is a prisoner in the custody of the Michigan Department of Corrections ("MDOC").  In May 2022, Spirdione filed a 50-page, pro se civil rights complaint, alleging numerous claims against more than thirty defendants, while he was housed at the G. Robert Cotton Correctional Facility ("JCF").  (ECF No. 1).

Plaintiff filed three discovery-related motions on October 28, 2022. (ECF Nos. 49, 50, 51).  For the reasons set forth below:

    Plaintiff's motion to appoint an MDOC officer or another individual to oversee witness depositions (ECF No. 49) is **DENIED**.

    Plaintiff's motion for the MDOC to provide a business address for Kathleen Pulford (ECF No. 50) is **GRANTED**.

    Plaintiff's motion to compel discovery (ECF No. 51) is **DENIED WITHOUT PREJUDICE**. Plaintiff will be permitted to re-serve the

1

August 23, 2022 document requests on Defendant Herro on or before December 28, 2022.

### A.  Motion to Appoint Officer (ECF No. 49)

Plaintiff requests that Kim Napier, the current administrative/litigation coordinator at JCF, be appointed to "depose via written depositions multiple prison officials as well as potential prisoners" at JCF "in a manner consistent with the integrity of prison operations while still timely providing responses from deponents." (ECF No. 49, PageID.810).  Alternatively, Plaintiff asks the Court to appoint either another MDOC employee or other individual to discharge these functions consistent with the requirements of Fed. R. Civ. P. 28(a) and Rule 31.  (*Id.*)

 Defendants Washington, Kisor, Losacco, Root, Kennedy, Nevins, Beecher, Pryor, Logan, Onwanibe, Stevenson, Weber, Landfair, Sanders, Stricklin, Hollister, Rurka, Schubring, Coffelt, Lewis, King, Schley, Lester, and Shaffer  ("MDOC Defendants") oppose Plaintiff's motion, arguing that "[t]here is no constitutional or statutory requirement that the government or the MDOC Defendants pay the costs of an indigent prisoner's discovery, including the cost of depositions." (ECF No. 53, PageID.828).  MDOC Defendants also point out that under Rule 28(c), "a deposition must not be taken before a person who is any party's employee," and that  Napier (and all other MDOC litigation coordinators) work under the direction of Defendant Heidi Washington, the Director of the MDOC.  (*Id.*).  In reply, Plaintiff agrees that Rule 28(c) forbids a deposition before a "relative, employee, or attorney" but notes

that Napier is not a relative or an attorney of Defendant Washington.  (ECF No. 60, PageID.956).

Rule 28(a)(1) states in relevant part that "a deposition must be taken before (A) an officer authorized to administer oaths either by federal law or by the law in the place of examination . . ." Rule 28 (c) states that "[a] deposition must not be taken before a person who is any party's relative, employee, or attorney; who is related to or employed by any party's attorney; or who is financially interested in the action."

Because Napier and all other MDOC employees work under the direction of Defendant Washington, they are disqualified from taking depositions under Rule 28(c).  While Plaintiff notes that Napier is not a relative or attorney of any of the Defendants, the Rule 28(a) test is disjunctive; with nothing more, Napier's employ by Defendant Washington bars her from taking depositions in this case.

 Further, because Plaintiff is "confined in prison," he is required to obtain leave of the Court before taking a deposition.  Rule 31(a)(2)(B) ("Depositions by Written Questions").   In the current motion, Plaintiff requests only that the Court appoint Napier or another MDOC employee to act as an officer under Rule 31 and that Plaintiff plans to depose "multiple prison officials as well as potential prisoners." He does not name any of the prospective deponents, much less their relevance to the case.

Accordingly, Plaintiff's motion to appoint Napier to conduct depositions; appoint another MDOC employee to conduct depositions; or provide a court-appointed officer to take depositions will be denied.

### B.  Motion for the MDOC to Provide Certain Information (ECF No. 50)

Here, Plaintiff asks the MDOC Defendants to provide him with a "business address" for Kathleen Pulford, JCF's Health Information Technician before she was transferred to another MDOC facility.    (ECF No. 50, PageID.813).    Plaintiff identifies Pulford as a "material witness" from whom he seeks discovery.  (*Id*. at PageID.814).

It is unclear whether Plaintiff made a discovery request for Pulford's address or if since this motion was filed, the MDOC provided Plaintiff with Pulford's address.  In any case, Defendants have not responded to this motion or otherwise challenged the request.  Accordingly, Plaintiff's motion for the MDOC Defendants to provide him with Pulford's "business address," i.e. work address will be granted.

### C.  Plaintiff's Motion to Compel (ECF No. 51)

Plaintiff asks the Court to compel Defendant Frederick Ellison Herro's response to Plaintiff's First Request for Documents, stating that the 30-day deadline for responding to the August 23, 2022 document request has long expired.  (ECF No. 51, PageID.816).    He states that the document requests were served "simultaneously" with interrogatories and requests to admit.  (*Id*.).

4

In response, Herro states that the August 23, 2022 requests to produce were not included with either the August 23 or October 3, 2022 discovery requests. (ECF No. 55, PageID.834). He states that the August 23, 2022 requests were limited to interrogatories and requests to admit. (*Id.*). In reply, Plaintiff states that before mailing the August 23, 2022 discovery requests, he ascertained that the document requests were included in the envelope to be sent to Herro's attorney. (ECF No. 61, PageID.970-71).

The Court cannot determine how the document requests failed to reach Herro. Plaintiff will be permitted to re-serve the missing document requests on Herro within 21 days of this order. Because Herro cannot be expected to respond to document requests he has not yet received, the motion to compel will be denied without prejudice.

### D. Conclusion

Plaintiff's motion to appoint an MDOC officer or other individual to oversee witness depositions (ECF No. 49) is **DENIED**.

Plaintiff's motion to provide a business address for Kathleen Pulford (ECF No. 50) is **GRANTED**.

Plaintiff's motion to compel discovery (ECF No. 51) is **DENIED WITHOUT PREJUDICE**. Plaintiff will re-serve the August 23, 2022 document requests on Herro on or before December 28, 2022.

IT IS SO ORDERED.

Date: December 8, 2022

S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge