UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NICHOLAS SPIRDIONE, | CASE NO. 2:22-cv-11018 |
| *Plaintiff*, | |
| v. | HON. NANCY G. EDMUNDS<br>DISTRICT JUDGE |
| FREDERICK ELLISON HERRO, et al., | HON. PATRICIA T. MORRIS<br>MAGISTRATE JUDGE |
| *Defendants*. | |
| _____/ | |

## REPORT AND RECOMMENDATION TO DISMISS THE JOHN DOE DEFENDANT

I.   **RECOMMENDATION**

For the following reasons, **I RECOMMEND** that this Court **DISMISS** the unidentified John Doe Defendant.

II.  **REPORT**

**A. Introduction**

This is a prisoner civil rights case under 42 U.S.C. § 1983. In May 2022, Nicholas Spirdione filed a complaint against several defendants, including an unidentified "John Doe." (ECF No. 1). The following October, the Undersigned ordered Spirdione to identify the John Doe Defendant by November 18, 2022, "for service of process purposes." (ECF No. 46, PageID.797–98). But on Spirdione's motion, the Undersigned extended this deadline until April 1, 2023. (ECF No. 48;

1

text-only order dated Jan. 18, 2023). The undesigned warned Spirdione that she would recommend that the John Doe Defendant be dismissed if he failed to identify him before the deadline. (ECF No. 46, PageID.797). It is now September, and Spirdione has neither identified the John Doe nor requested additional time to do so.

### B. Analysis

Under Federal Rule of Civil Procedure 4(m), if a defendant has not been served with a summons and complaint "within [ninety] days after the complaint is filed," then the Court must either "dismiss the action without prejudice against that defendant or order that service be made within a specified time." But "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Where, such as here, a plaintiff proceeds as a pauper, the court must order the U.S. Marshals Service to serve each defendant with a summons and a copy of the complaint on behalf of the plaintiff. E.D. Mich. LR 4.1(b); *see* 28 U.S.C. § 1915(d) (2018). A summons must name each party and "be directed to the defendant." Fed. R. Civ. P. 4(a)(1)(A)–(B). So for the court to issue a valid summons that it can provide to a Marshal for service, the plaintiff must first identify the defendant. *Whitaker v. Stamping*, 302 F.R.D. 138, 146 (E.D. Mich. 2014). Thus, while the Court is generally responsible for serving defendants in actions brought by *in forma pauperis* ("IFP") plaintiffs, the Court cannot issue summons for, or serve, a

defendant that has not been named by the IFP plaintiff. *Lowe v. Dallas Police Dep't*, No. 3:17-cv-704, 2017 WL 4863076, at *9–10 (N.D. Tex. Oct. 17, 2017); *Wilson v. McKenna*, No. 3:12-cv-1581, at *7 (D. Conn. Mar. 31, 2015).

Because Spirdione did not identify the John Doe Defendant, the Court could not issue summons and the Marshal could not serve the Doe Defendant before the April 1 deadline. Spirdione does not argue that he had good cause for this failure, and he provides the Court no reason to exercise its discretion to extend the deadline again. Thus, **I RECOMMEND** that the Court **DISMISS** the John Doe Defendant **WITHOUT PREJUDICE**.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v.*

*Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: September 14, 2023
s/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge